```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/14/2023_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMEN TAVAREZ-VARGAS, Individually, and On Behalf of All Others Similarly Situated,

                Plaintiff,

-against-

ANNIE'S PUBLISHING, LLC,

                Defendant.

21 Civ. 9862 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Carmen Tavarez-Vargas, brings this action on behalf of herself and all others similarly situated against Defendant, Annie's Publishing, LLC, alleging that Defendant failed to make its website, www.annieskitclubs.com, fully accessible to blind and visually-impaired people who use screen-reading software, in violation of Title III of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* Am. Compl. ¶¶ 1–2, 4, ECF No. 19. Defendant moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 29; *see* Def. Mem., ECF No. 30. For the reasons stated below, Defendant's motion is GRANTED.

## BACKGROUND[1]

    Plaintiff is a visually-impaired and legally blind person who uses screen-reading software to access websites on the internet. Am. Compl. ¶¶ 1, 22. Defendant is an online retail company that offers products through its website and delivers such products to New York and across the country.

---

[1] In assessing a plaintiff's assertion of standing, courts "accept as true all material allegations of the complaint[] and . . . construe the complaint in favor of the complaining party." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008) (quotation marks omitted). In deciding a Rule 12(b)(1) motion, courts may also rely on evidence outside the complaint. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

*Id.* ¶¶ 13, 20.  On its website, Defendant offers craft goods for quilting, jewelry making, knitting, sewing, and crochet.  *Id.* ¶¶ 2, 20.

On July 28, 2021, and April 4, 2022, Plaintiff browsed Defendant's website to purchase a "hook and needle kit."  *See id.* ¶¶ 2, 22.  While attempting to navigate the website, Plaintiff encountered accessibility barriers, including:

> (a) The screen reader fail[ed] the accessibility menu, impeding Plaintiff's ability to navigate the website and make a purchase as a sighted New York customer would.
>
> (b) The screen reader d[id] not read the title function when a user cho[se] the particular craft they want[ed] to shop for, impeding Plaintiff's ability to make an informed choice as to the craft materials available.
>
> (c) The screen reader d[id] not read the price of various hook and needle kits, impeding Plaintiff's ability to make in [sic] informed choice about the items to purchase.

*Id.* ¶ 23.  Plaintiff was, therefore, unable to purchase the hook and needle kit.  But, she "maintains a strong desire to purchase the craft materials offered by Defendant, specifically a hook and needle kit," and "unequivocally intends to return to the website in order to complete the desired purchase as soon as the accessibility barriers are cured."  *Id.* ¶ 24.

On November 23, 2021, Plaintiff filed a complaint on behalf of herself and all others similarly situated, alleging that Defendant violated the ADA and the NYCHRL.  *See generally* ECF No. 1.  After Plaintiff filed an amended complaint, *see* Am. Compl., Defendant moved to dismiss the amended complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  ECF No. 29; *see* Def. Mem. at 1.  Specifically, Defendant argues that Plaintiff's claims are moot and that Plaintiff fails to adequately allege Article III standing.  Def. Mem. at 1–2.

## DISCUSSION

I.    Standing

    A.  Legal Standards

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *Id.* (cleaned up). At all stages of litigation, "the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (cleaned up). To establish constitutional standing, a plaintiff must adequately allege: (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

A plaintiff bringing a claim pursuant to the ADA for injunctive relief, as is sought here, *see, e.g.*, Am. Compl. ¶ 5, has standing to sue if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location," *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).[2]

In the digital context, "the third requirement [for standing] can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits

---

[2] Claims brought under the NYCHRL are subject to the same standing requirements as those brought under the ADA. *See Tucker v. Denny's Corp.*, No. 19 Civ. 9843, 2021 WL 4429220, at *2 (S.D.N.Y. Sept. 27, 2021) (citation omitted).

and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Dungarees, Inc.*, No. 22 Civ. 4699, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023); *see Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022). In *Calcano v. Swarovski North America Ltd.*, the Second Circuit recently held that to satisfy the third prong, a plaintiff cannot merely "plead[] the magic words that [she] intends to return" but must plausibly allege "a real and immediate threat of future injury." 36 F.4th 68, 75 (2d Cir. 2022) (cleaned up); *see also Harty*, 28 F.4th 435 at 443. Courts will "not credit a legal conclusion couched as a factual allegation or a naked assertion devoid of further factual enhancement." *Calcano*, 36 F.4th at 75 (quotation marks and citation omitted). Other courts in this district have concluded that the Second Circuit's recent decision in *Calcano* "raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases." *Loadholt*, 2023 WL 2024792, at *2 (quoting *Hennessy by & through Hennessy v. Poetica Coffee Inc.*, No. 21 Civ. 5063, 2022 WL 4095557, at *4 (E.D.N.Y. Sept. 7, 2022)).

B. Analysis

Here, Plaintiff's amended complaint contains bare, conclusory statements and lacks additional factual allegations that would allow the Court to infer that Plaintiff intends to return to Defendant's website. *See Kreisler*, 731 F.3d at 187–88; *Loadholt*, 2023 WL 2024792, at *2. Plaintiff alleges that she visited Defendant's website twice, nearly nine months apart, to purchase a "hook and needle kit." Am. Compl. ¶ 2. She further claims that she "unequivocally intends to return to the website in order to complete the desired purchase as soon as the accessibility barriers are cured." *Id.* ¶¶ 3, 24. The Second Circuit rejected similar vague assertions in *Calcano*. *See* 36 F.4th at 76–78.

Plaintiff has not pleaded plausible factual allegations about her "past frequency of visits" or "articulated interest in the products or services available on [Defendant's] website," to allow the Court to infer that she intends to return to the website. *Loadholt*, 2023 WL 2024792, at *2. Indeed,

4

she does not explain what hook and needle kit she is interested in, whether Defendant is the only retailer who will sell the hook and needle kit she is looking for, or why she will unequivocally return to Defendant to purchase that kit as soon as the accessibility barriers are cured. *See Jaquez v. Aqua Carpatica USA, Inc.*, No. 20 Civ. 8487, 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021); *Guglielmo v. Neb. Furniture Mart, Inc.,* No. 19 Civ. 11197, 2020 WL 7480619, at *4–5 (S.D.N.Y. Dec. 18, 2020). The complaint "offers only vague and conclusory allegations of intent to return, and fails to establish a likelihood of return." *Guglielmo*, 2020 WL 7480619, at *5. Without additional factual details, Plaintiff fails to "nudge [her] claims across the line from conceivable to plausible," *Calcano*, 36 F.4th at 76 (cleaned up), and has not show that she has suffered an injury that is "concrete and particularized," *Lujan*, 504 U.S. at 560.

Accordingly, Defendant's motion to dismiss Plaintiff's ADA and NYCHRL claims for lack of standing is GRANTED.[3]

## II.      Leave to Amend

Plaintiff argues in the alternative that, should the Court grant Defendant's motion to dismiss, as here, she should be permitted to amend her complaint, particularly because the *Calcano* decision was issued after she filed her operative complaint. *See* ECF No. 39 at 21 n.5. Federal Rule of Civil Procedure 15 instructs courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court concludes that leave to amend is appropriate. Defendant has not shown that Plaintiff cannot cure her failure to adequately allege Article III standing, particularly now that she has the guidance of this order and the Second Circuit's decision in *Calcano*.

Accordingly, Plaintiff's request for leave to amend is GRANTED. Plaintiff shall file an amended complaint within twenty-one days of this order.

---

[3] Because the Court finds that Plaintiff fails to adequately allege Article III standing, the Court does not reach Defendant's mootness argument.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and Plaintiff's amended complaint is DISMISSED. Plaintiff may file an amended complaint by **April 4, 2023**. The Clerk of Court is directed to terminate the motion at ECF No. 29.

SO ORDERED.

Dated: March 14, 2023
 New York, New York

_____
ANALISA TORRES
United States District Judge