UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

CARMEN TAVAREZ-VARGAS,
Individually, and On Behalf of All Others
Similarly Situated,

                    Plaintiff,

     vs.

ANNIE'S PUBLISHING, LLC,

                   Defendant.

———————————————————— x

:  Civil Action No.: 1:21-cv-09862 (AT)
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
RECONSIDERATION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

I.       PRELIMINARY STATEMENT ....................................**Error! Bookmark not defined.**

II.      STATEMENT OF FACTS ...........................................................................................2

III.    LEGAL STANDARDS .............................................................................................3

IV.    ARGUMENT ............................................................................................................3

V.      CONCLUSION ........................................................................................................9

# 1.  TABLE OF AUTHORITIES

**Pages**

## CASES

*Angeles v. Grace Prods.*, 20-cv-10167 (AJN), 2021 U.S. Dist. LEXIS 182317
(S.D.N.Y. Sept. 23, 2021) ................................................................................. 7, 9

*Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022) ............................................ *passim*

*Camacho v. Vanderbilt Univ.*, No. 18-cv-10694 (KPF), 2019 U.S. Dist. LEXIS
209202 (S.D.N.Y. Dec. 4, 2019).................................................................................. 5

*Chalas v. Barlean's Organic Oils, LLC*, No. 22 Civ. 04178 (CM), 2022 U.S. Dist.
LEXIS 211816 (S.D.N.Y. Nov. 22, 2022)..................................................................... 1

*Guglielmo v. Neb. Furniture Mart, Inc.*, 19-cv-11197 (KPF), 2020 U.S. Dist. LEXIS
238707 (S.D.N.Y. Dec. 18, 2020)........................................................................... 8, 9

*Harty v. West Point Realty, Inc.*, 28 F.4th 345 (2d Cir. 2022).................................... 3, 8

*Hecht v. Magnanni, Inc.*, 1:20-cv-05316 (MKV), 2022 U.S. Dist. LEXIS 60836
(S.D.N.Y. Mar. 31, 2022) ........................................................................................... 7

*Jaquez v. Aqua Carpatica USA, Inc*., 20-cv-8487 (ALC), 2021 U.S. Dist. LEXIS
157918 (S.D.N.Y. Aug. 20, 2021) .............................................................................. 5

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99 (2d
Cir. 2013) ................................................................................................................... 3

*Loadholt v. Dungarees, Inc.*, 22-cv-4699 (VEC), 2023 U.S. Dist. LEXIS 26006
(S.D.N.Y. Feb. 15, 2023) ........................................................................................ 5, 6

*Loadholt v. Shirtspace*, 22-cv-02870 (ALC), 2023 U.S. Dist. LEXIS 36924 (Mar. 6,
2023) ....................................................................................................................... 4, 5

*Lujan v. Defs. Of Wildlife*, 504 U.S. 555 (1992)............................................................. 7

*Monge v. 405 Hotel, LLC*,  19-cv-00451 (SJF)(ARL), 2021 U.S. Dist. LEXIS 36039
(E.D.N.Y. Feb. 24, 2021)............................................................................................ 9

*Paguada v. Athena Allergy, Inc*., 21-Cv-1245 (KPF), Docket No. 39 (S.D.N.Y. Feb.
22, 2022) .................................................................................................................... 7

*Paguada v. YieldStreet, Inc.*, 20 Civ. 9254 (LGS), 2021 U.S. Dist. LEXIS 202311,
(S.D.N.Y. Oct. 20, 2021) ........................................................................................ 7, 9

*PGA Tour, Inc. v. Martin*, 532 U.S. 661 (2001) ............................................................ 5

iii

*Quezada v. U.S. Wings, Inc.*, 20 Civ. 10707 (ER), 2021 U.S. Dist. LEXIS 234057
(S.D.N.Y. Dec. 7, 2021)....................................................................... 3, 4, 7, 9

*Romero v. 88 Acres Foods, Inc.*, 20-cv-9215 (KMW), 2022 U.S. Dist. LEXIS 9040
(S.D.N.Y. Jan. 18, 2022)............................................................................... 7

*Romero v. Adagio Teas*, 20-CV-7422 (JMF), Docket No. 34 (S.D.N.Y. Jul. 7, 2021) ................. 7

*Sanchez v. Nutco*, 20-cv-10107, 2022 U.S. Dist. LEXIS 51247 (S.D.N.Y. Mar. 22,
2022) ......................................................................................................... 7

*Sanchez v. Welcome Skateboards, Inc.*, 1:21-cv-2598 (KPF), Docket No. 35
(S.D.N.Y., Jan. 27, 2022)............................................................................. 7

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) ............................................ 3

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ............................................... 7, 8

*Weekes v. Outdoor Gear Exch. Inc.*, 22 Civ. 1283 (ER), 2023 U.S. Dist. LEXIS
36905 (S.D.N.Y., Mar. 6, 2023) ............................................................... 1, 4

## STATUTES

42 U.S.C. § 12101 ......................................................................................................... 5

## RULES

Local Civ. R. 6.3 ........................................................................................................... 3

iv

Plaintiff Carmen Tavarez-Vargas ("Plaintiff") respectfully submits this memorandum of law in support of her motion for reconsideration of the Court's Opinion and Order granting defendant Annie's Publishing, LLC's ("Defendant") motion to dismiss.

## I.   INTRODUCTION

Subsequent to the filing of the First Amended Class Action Complaint ("FACAC"), *see* Docket No. 19, and Defendant's motion to dismiss in this action, *see* Docket No. 29, the Second Circuit held that blind plaintiffs did not have standing to allege a claim under the Americans with Disabilities Act of 1990 ("ADA") where they sought to purchase gift cards from retail stores and failed to allege a proper "intent to return." *See Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022).  Post-*Calcano*, Senior Judge McMahon and Judge Ramos applied *Calcano* in the website accessibility context and held ***in cases very similar to the one here*** that when it comes to pleading an "intent to return" to ***websites*** (as opposed to an intent to return to a physical location), "the standard to establish standing is slightly less burdensome…" *See Weekes v. Outdoor Gear Exch. Inc.*, 22 Civ. 1283 (ER), 2023 U.S. Dist. LEXIS 36905 (S.D.N.Y., Mar. 6, 2023); *see also Chalas v. Barlean's Organic Oils, LLC*, No. 22 Civ. 04178 (CM), 2022 U.S. Dist. LEXIS 211816 (S.D.N.Y. Nov. 22, 2022).

This Court's Order and Opinion issued just eight days after Judge Ramos' decision in *Weekes v. Outdoor Gear Exch., Inc.* errantly applied a stricter standard for standing, and on this basis (as explained more fully *infra*), Plaintiff respectfully moves this Court to reconsider its motion to dismiss decision – as it overlooks these well-reasoned decisions – and permit this case to proceed to discovery (without the need for amendment of the FACAC).  Should this Court's Opinion and Order stand, an unnecessarily high burden at the pleading stage would be placed on

the blind community, restricting the filing of similar cases and, ultimately, frustrating the strength and purpose of the ADA.

## II.     STATEMENT OF FACTS

Plaintiff is a visually-impaired and legally blind woman who uses screen-reading software in order to read website content on her personal computer.  ¶¶1, 22.[1]  Defendant is an online retailer who owns and operates the website annieskitclubs.com ("Website").  ¶¶2, 20.

Defendant, through its website, offers various products for sale in New York and across the country.  ¶20.  The products offered thereon include, but are not limited to, the hook and needle kit, which Plaintiff wished to purchase on two separate occasions.  ¶¶2, 3, 24.  Specifically, on July 28, 2021, and April 4, 2022, Plaintiff browsed and attempted to complete her purchase on the website.  ¶2. Unfortunately, Plaintiff, as well as every other blind and or visually-impaired individual who attempts to use Defendant's website, was – and will be – unable to complete a purchase on Defendant's website as it is inaccessible.  Specifically, and without limitation, Plaintiff experienced the following accessibility barriers on each of her visits:

- the screen reader fails on the accessibility menu, impeding Plaintiff's ability to navigate the Website;

- the screen reader does not read the title function when a user chooses the particular craft they want to shop for; and

- the screen reader does not read the prices of the various hook and needle kits.

¶¶2, 23.

These barriers to access exist since Plaintiff attempted to visit Defendant's website.  ¶¶9, 22, 25.  Despite being barred from accessing Defendant's online store, Plaintiff has expressed that

---

[1]     "¶__" denote citations to paragraphs in the FACAC.

she maintains her desire to complete a purchase thereon and unequivocally intends to return to complete said purchase once all of the access barriers are removed. ¶24.

### III.    LEGAL STANDARD

Local Civil Rule 6.3 permits the Court to grant reconsideration or re-argument upon a motion made within fourteen days of the filing of the relevant order.  *See* Local Civ. R. 6.3.  When deciding a motion for reconsideration, 'the court should consider: (1) whether there has been 'an intervening change of controlling case law;' (2) where there is new evidence presented that was not previously available on the original motion; (3) whether there is a 'need to correct a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citations omitted).  A party can generally establish clear error or manifest injustice by "point[ing] to controlling decisions or data that the court overlooked."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### IV.    ARGUMENT

The Court's Opinion and Order did not mention numerous post-*Calcano* decisions where other S.D.N.Y. courts found plaintiffs appropriately alleged standing and denied motions to dismiss.  Those courts held that website cases – as opposed to cases involving gift cards or hotel accessibility like *Harty v. West Point Realty, Inc.,* 28 F.4th 345 (2d Cir. 2022) and *Calcano* – were held to a lower standard when it came to pleading an "intent to return."

In *Quezada v. U.S. Wings, Inc.*, 20 Civ. 10707 (ER), 2021 U.S. Dist. LEXIS 234057, at *9 (S.D.N.Y. Dec. 7, 2021) Judge Ramos held that "[a] mere assertion of an intent to return to the place of injury some day alleged barriers have been rectified had been found to be insufficient to establish standing in the context of ADA claims for ***accessible gift cards***."  *Id.* (emphasis added).

However, in ADA **website** cases "the standard to establish standing is slightly less burdensome." *Id.*

In website cases, "[t]he plaintiff need only establish a reasonable inference that he intended to return to the [w]ebsite." *Quezada*, 2021 U.S. Dist. LEXIS 234057, at *9. This is because—in contrast to the facts in *Calcano* where defendant's allegedly inaccessible gift cards were sold in stores located far from plaintiff's residence (*Calcano*, 36 F.4th at 76)—"websites are already easily accessible at any moment" from any location equipped with an Internet-connected device. *Quezada*, 2021 U.S. Dist. LEXIS 234057, at *10-11. Thus, *Calcano*'s focus on the physical proximity of defendant's retail locations (where the gift cards were sold) to plaintiff's residence, in order to gauge the plausibility of plaintiff's intent to return, is irrelevant.

This position was reiterated by Judge Ramos post-*Calcano* in *Weekes v. Outdoor Gear Exch., Inc.*. *See generally* 2023 U.S. Dist. LEXIS 36905 (Mar. 6, 2023). Judge Ramos clearly explained again that "[f]or website cases, 'the standard to establish standing is slightly less burdensome. A plaintiff need only establish a reasonable inference that he intended to return to the [w]ebsite.'" *Id.* at *8 (citations omitted). Judge Ramos thus held that plaintiff had standing by alleging a desired product, which was attempted to be purchased on two separate occasions months apart, but that he was prevented from purchasing due to the access barriers. *Id.* at *6-*13.

Judge Carter's recent decision in *Loadholt v. Shirtspace* is also instructive. *See generally* 22-cv-02870 (ALC), 2023 U.S. Dist. LEXIS 36924 (Mar. 6, 2023). In *Shirtspace*, defendant alleged that plaintiff lacked standing where he alleged: (i) that he was attempting to purchase a t-shirt; (ii) on two separate occasions (months apart from one another for each attempt); (iii) the precise access barriers found on the website; and (iv) an intention to revisit the website in the future. *Id.* at *6. In *Shirtspace*, it was defendant's position, and seemingly the Court's position

4

here, that plaintiff needed to be more articulate in alleging a product as per *Jaquez v. Aqua Carpatica USA, Inc*., 20-cv-8487 (ALC), 2021 U.S. Dist. LEXIS 157918 (S.D.N.Y. Aug. 20, 2021). *Id.* However, Judge Carter disagreed with defendant's position, finding that alleging the category "t-shirt" alone was enough, as plaintiff in that case could not even properly peruse the various items on the website sufficiently to actually be able to make an informed decision about which t-shirt he would desire. *Id.* at *7.

In the same vein, defendants in *Shirtspace* – and the Court here – argue that plaintiff in *Shirtspace* and Plaintiff here did not allege enough facts to support a finding that an intent to return is sufficiently concrete or detailed. *Id.* Judge Carter wholeheartedly disagreed. *Id.* To support his position, Judge Carter looked at the complaint **as a whole** finding that plaintiff alleging more than one attempt to go onto the website (albeit months apart), by explaining that he will return once the website is remediated, and for the purpose of purchasing a t-shirt were enough to "evince [p]laintiff's intent to return to the website for the standing analysis." *Id.* at *7-8. (quoting *Camacho v. Vanderbilt Univ.*¸ No. 18-cv-10694 (KPF), 2019 U.S. Dist. LEXIS 209202, at *10 (S.D.N.Y. Dec. 4, 2019)). Judge Carter then highlighted that this standard is not only consistent with the Southern District precedent, but with the 'broad mandate' of the ADA to "ensure that disabled people are able to 'fully participate in all aspects of society.'" *Id.* at *8. (quoting *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001); 42 U.S.C. § 12101(a)(1)).

Judge Carter's decision is consistent with precedent and the purpose of the ADA and stands in stark contrast to the Judge Caproni decision in *Loadholt v. Dungarees, Inc.*, which was heavily relied upon by the Court here in its Opinion and Order. The *Dungarees* decision is founded on 'raising the bar appreciably' for standing. *See* 22-cv-4699 (VEC), 2023 U.S. Dist. LEXIS 26006, at *4 (S.D.N.Y. Feb. 15, 2023). It is Plaintiff's position that there is no bar raising required,

instead, when it comes to discrimination against individuals with disabilities, the bar should be lowered.

Importantly though, even if there was a heightened standard, Plaintiff would meet it, unlike plaintiff in *Dungarees*.  In *Dungarees*, Plaintiff merely alleged 'potentially' wanting to purchase a vague variety of items and wanting to return to 'potentially' purchase said items.  *Id.* at *5. Notably, plaintiff never alleged a definitive desire to even make a purchase on the website.  *Id.* This is in direct opposition to Plaintiff here. Plaintiff reiterated the product she wanted to purchase on each stated visit.  Plaintiff further explained that the prices of various items were not read aloud to her, which arguably, would prevent any user from being able to decide which hook and needle kit would best fit his/her desired needs.

*Calcano* in **no way** involves website accessibility claims under the ADA or NYCHRL. Instead, the decision is grounded in allegations that gift cards, which are sold in **brick and mortar** locations that were purportedly not accessible to the visually impaired.  Again, intent to return standards are differentiable between websites, which involve no traveling and are accessible at all hours of the day, and stores with physical locations, which require travel to and accessing during times of operation.  Moreover, the factual assertions within the *Calcano* complaint were poorly written and included numerous false assertions, including, but not limited to asserting that Banana Republic sells food and that defendants' stores were located in Manhattan when they were not. *Id.* at 77.  It was these errors that led both the circuit court and the Second Circuit to conclude that Plaintiffs failed to plausibly allege injury.  *Id.*  This is in direct contrast to Plaintiff's allegations here.  Plaintiff asserted, correctly, the type of product, which Defendant in fact offers for sale on the website, which they own and operate.

In addition, the general theory proposed in *Calcano* – that the ADA applies to gift cards was a novel and unusual one.  To be sure, S.D.N.Y. courts have granted motions to dismiss Braille gift card actions on at least 50 prior occasions and it does not appear any S.D.N.Y. decisions have sustained a complaint based on that theory. In contrast, numerous S.D.N.Y. decisions have sustained plaintiffs' complaints in ADA website cases such as this one. *See, e.g., U.S. Wings, Inc.*, 2021 U.S. Dist. LEXIS 234057; *Hecht v. Magnanni, Inc.*, 1:20-cv-05316 (MKV), 2022 U.S. Dist. LEXIS 60836 (S.D.N.Y. Mar. 31, 2022); *Sanchez v. Nutco*, 20-cv-10107, 2022 U.S. Dist. LEXIS 51247 (S.D.N.Y. Mar. 22, 2022); *Sanchez v. Welcome Skateboards, Inc.*, 1:21-cv-2598 (KPF), Docket No. 35 (S.D.N.Y., Jan. 27, 2022), transcript attached as Ex. A to the Kroub Decl.; *Paguada v. Athena Allergy, Inc.*, 21-Cv-1245 (KPF), Docket No. 39 (S.D.N.Y. Feb. 22, 2022), transcript attached as Ex. B to the Kroub Decl.; *Romero v. 88 Acres Foods, Inc.*, 20-cv-9215 (KMW), 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022); *Paguada v. YieldStreet, Inc.*, 20 Civ. 9254 (LGS), 2021 U.S. Dist. LEXIS 202311, (S.D.N.Y. Oct. 20, 2021); *Angeles v. Grace Prods.*, 20-cv-10167 (AJN), 2021 U.S. Dist. LEXIS 182317 (S.D.N.Y. Sept. 23, 2021); *Romero v. Adagio Teas*, 20-CV-7422 (JMF), Docket No. 34 (S.D.N.Y. Jul. 7, 2021), transcript attached as Ex. C to the Kroub Decl.; *Roman v. Greenwich Vill. Dental Arts P.C.*, 21-cv-5939, 2022 U.S. Dist. LEXIS 165400 (S.D.N.Y. Sept. 13, 2022).

And fundamentally, the crux of the standing issue in *Calcano* was limited to whether those plaintiffs had alleged a sufficient imminent injury **not** whether they sufficiently alleged an ***actual injury***. *See generally Calcano*, 36 F.4th 68.  But, a plaintiff can allege either type of injury to establish standing: "an injury in fact that is concrete, particularized, and actual **or** imminent" is cognizable for standing purposes. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992) (emphasis added)).

While the Second Circuit's holding in *Harty* related to a website, unlike the Second Circuit's decision in *Calcano*, the facts of the *Harty* case are dissimilar to the case at hand. *See generally* 28 F.4th 345 (2d Cir. 2022). Specifically, the plaintiff in the *Harty* case was **not** a visually-impaired or blind individual, who was alleging the inaccessibility of the *website*. Rather, plaintiff there alleged that the website did not provide information about the rooms in the hotel and their ADA compliance.

More notably, in *Harty*, plaintiff alleged that the website did not state the required ADA standards, and that this failure to notify was the sole ADA violation. Pointedly, he had **no** desire to go to these hotels. It was this specific point – the failure to allege use of the *physical hotel* – that caused the Second Circuit to find he failed to meet his standing requirements. *Id.* In fact, the Circuit found that the complaint did no more than allege "a bare boilerplate assertion that 'Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e).'" 28 F. 4th at 444. In accordance with the Supreme Court's holding in *Transunion LLC v. Ramirez*, the Second Circuit found that this bear assertion of a statutory violation is not enough for Article III standing. *Id.*

Plaintiff here, since the case's inception, alleged a *clear* and tangible intent to return to the website to complete a purchase as soon as the discriminatory actions were removed, her case is clearly distinguishable from that of the plaintiff in *Harty*, and any application of the *Harty* decision to rule that Plaintiff failed to meet Article III standing was in clear error.

Further, the case at hand, much like nearly all cases filed in the Southern District since 2020, is factually distinguishable from *Guglielmo v. Neb. Furniture Mart, Inc.*, 19-cv-11197 (KPF), 2020 U.S. Dist. LEXIS 238707 (S.D.N.Y. Dec. 18, 2020). In *Guglielmo*, plaintiff failed to note a single page where barriers existed on the website, a single good he was interested in, nor a

single date that a purchase was attempted to be made. *See id.* at *11.  It was the lack of any of these items that prevented the court from finding any reasonable intent to return to the website for standing purposes.  *Id.* at *11-12.  However, since *Guglielmo*, most decisions issued by S.D.N.Y. judges have denied motions to dismiss where plaintiffs allege: (i) when he/she attempted to visit the website; (ii) that he/she desired to purchase a particular product, and (iii) the website's access barriers.  *See Quezada v. U.S. Wings, Inc.*, 20-cv-10707 (ER), 2021 U.S. Dist. LEXIS 234057 *5-8 (Dec. 7, 2021); *Paguada v. Yieldstreet, Inc.*, 20-cv-09254 (LGS), 2021 U.S. Dist. LEXIS 202311 *6-12 (Oct. 20, 2021); *Angeles v. Grace Prods.*, 20-cv-10167 (AJN), 2021 U.S. Dist. LEXIS 182317 *3-7 (Sep. 23, 2021); *Monge v. 405 Hotel, LLC*, 19-cv-00451 (SJF)(ARL), 2021 U.S. Dist. LEXIS 36039, at *9-10 (E.D.N.Y. Feb. 24, 2021) (holding that it was differentiable not from the complaints standpoint, but from an affidavit, which included the missing components of the complaint specifically, that there was a desire to go on a vacation at this hotel if it was accessible, the dates looked at, and issues with said website).

## V.    CONCLUSION

For the foregoing reasons, the Court should grant reconsideration or re-argument on the issue of Article III standing.

DATED:  March 28, 2023                **MIZRAHI KROUB LLP**
             New York, New York


                                              /s/ Edward Y. Kroub
                                      _____
                                             EDWARD Y. KROUB

EDWARD Y. KROUB
WILLIAM J. DOWNES
225 Broadway, 39th Floor
New York, NY  10007
Telephone:  212/595-6200
212/595-9700 (fax)
ekroub@mizrahikroub.com
wdownes@mizrahikroub.com

*Attorneys for Plaintiff*